# IN THE
# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | |
|---|---|
| JENNIFER SHAYNE CARDENAS,<br>     Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>     Defendant. | Case No. 4:14-cv-04090-JEH |

**Order**

**I**

The Plaintiff filed her Complaint (Doc. 1) on October 7, 2014 seeking review of the final decision of the Commissioner denying her application for Social Security Disability Insurance Benefits and Supplemental Security Income. On November 20, 2015, the Court reversed the Commissioner's decision and remanded this case pursuant to Sentence 4 of 42 U.S.C. § 405(g) for further proceedings consistent with the Court's Order. The Plaintiff now seeks attorney fees as the "prevailing party" pursuant to 28 U.S.C. § 2412(d) in the amount of $5,544.42 and costs payable from the Judgment Fund pursuant to 31 U.S.C. § 1304 in the amount of $400.00. The Commissioner filed a Response (Doc. 21) to the Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act 28 U.S.C. Section 2412(d)(1)(A) (Doc. 18) in which the Commissioner states that she will not file objections to the Plaintiff's petition for fees and expenses. The Court rules as follows.

**II**

28 U.S.C. § 2412(d)(1)(B) provides:

1

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(2)(A) provides, in relevant part, that "fees and other expenses" in Section 2412(d)(1)(B) include:

> [R]easonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

Here, the Plaintiff argues that the entire history of the Commissioner's position in this matter should be considered to determine whether her position was "substantially justified."  The Plaintiff argues that when that history is considered, the Defendant's position emerges as unreasonable at the very least. It is the Government's burden to prove that its position was substantially justified, and to do so, the Government must show:  1) a reasonable basis in truth for the facts alleged and the theory propounded; 2) a reasonable basis in law for the theory propounded; and 3) a reasonable connection between the facts alleged

and the theory propounded.  *United States v. Pecore*, 664 F.3d 1125, 1131 (7th Cir. 2011) (internal citations omitted).

In this case, the Government did not sustain its burden where it states that it will not file objections to the Plaintiff's petition for fees and expenses. Moreover, in its Order and Opinion the Court identified the errors the ALJ committed that required remand; such identified errors preclude the Government from now showing that its position was substantially justified.

Next, the Plaintiff seeks an attorney fee award of $184.20 per hour, in excess of the $125 per hour rate set forth in Section 2412(d)(2)(A), based upon the increased cost of living and the increased cost of litigating a claim by the Plaintiff's counsel's office.  The Court has considered the increased cost of living as detailed in the Plaintiff's Motion, her counsel's Affirmation (Doc. 19-2), the Itemization of Hours (Doc. 19-3), and Affidavit (Doc. 19-5) and finds that the 30.10 hours claimed in this case at a rate of $184.20 per hour is reasonable. Accordingly, the Court finds that the proper award of fees in this matter is $5,544.42.  The Plaintiff's total award pursuant to the EAJA is $5,544.42.  She is also granted costs in the amount of $400.00 payable from the Judgment Fund pursuant to 31 U.S.C. § 1304.

Finally, the Plaintiff requests that the EAJA fees be made payable to the Plaintiff's attorney pursuant to the assignment attached to the Motion (Doc. 19-4).  If there are no pre-existing debts that the Plaintiff owes the United States, the attorney fees awarded in this Order shall be paid directly to the Plaintiff's counsel.  *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010) ("We hold that a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States").

### III

For the reasons set forth above, the Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act 28 U.S.C. Section 2412(d)(1)(A) is GRANTED (Doc. 18), and the Plaintiff is awarded $5,544.42 in attorney fees and is also awarded costs in the amount of $400.00. The EAJA award is payable directly to the Plaintiff's counsel *only if* there are no pre-existing debts that the Plaintiff owes the United States. If the Plaintiff does have pre-existing debts owed to the United States, her EAJA attorney fee award is subject to a Government offset to satisfy the pre-existing debts.

*It is so ordered.*

Entered on March 9, 2016.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE